UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRENDA KHESANI KOIER and
NVN,

                Plaintiffs,

                                         Case No. 24-cv-1441-bhl

    v.

US CITIZENSHIP AND IMMIGRATION
SERVICES, et al.,

                Defendants.

---

## ORDER GRANTING MOTION TO DISMISS

---

       Plaintiffs Brenda Khesani Koier, a lawful permanent resident, and her son, a minor living in South Africa, filed this lawsuit on November 11, 2024 in hopes of having the Court order the U.S. Citizenship and Immigration Services (USCIS) to expedite their application for a visa to allow the minor son to lawfully join his mother in the United States. (ECF No. 1.) Invoking the Administrative Procedure Act (APA), 5 U.S.C. §§500–596, and the Mandamus Act, 28 U.S.C. §1361, Plaintiffs seek declaratory and injunctive relief and a writ of mandamus against the USCIS, the U.S. Department of Homeland Security (USDHS), the Secretary for the USDHS, and the Director of the Federal Bureau of Investigation (FBI).[1] (*Id.*) Defendants have moved to dismiss the complaint, arguing that the Court lacks subject matter jurisdiction over Plaintiffs' claims and that, even if jurisdiction exists, Plaintiffs' allegations fail to state a claim. (ECF Nos. 4 & 5.) Because Seventh Circuit precedent precludes Plaintiffs' claims, the Court will grant Defendants' motion and dismiss the case.

### FACTUAL ALLEGATIONS

       According to the complaint, Koier is an adult living in Wisconsin as a lawful permanent resident. (ECF No. 1 ¶14.) N.V.N. is Koier's son, a minor living in South Africa with his maternal grandmother. (*Id.* ¶15.) On June 28, 2023, Koier filed a Form I-130 immigration petition on

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court substitutes Kristi Noem, the current USDHS Secretary for her predecessor, Alejandro Mayorkas, and Kash Patel, the current FBI Director for his predecessor, Christopher Wray.

behalf of her son so that he could come and live with her in the United States. (*Id.* ¶29.) Although Koier and her son have filed the required visa application on a Form I-130 petition, the USCIS has not taken the further steps needed to verify and approve their petition, which thus remains pending. (*Id.* ¶¶31–33, 36.) Plaintiffs invoke the APA and Mandamus Act and ask the Court to compel Defendants to verify and approve their Form I-130 petition. (ECF No. 1 ¶¶58–107.)

## ANALYSIS

The Immigration and Nationality Act (INA), 8 U.S.C. §1101, governs the lawful admission of noncitizens into the United States. A noncitizen seeking permanent residence in the United States must first obtain an immigrant visa. 8 U.S.C. §§1101(a)(15), 1181(a), 1182(a)(7), 1184(a). One category of visas is reserved for "family-sponsored immigrants." *See* 8 U.S.C. §1153(a); 22 C.F.R. §42.31. This category applies to immigrants who are related to either a U.S. citizen or a lawful permanent resident. 8 U.S.C. §§1151, 1153, 1154. Current law places limits on the number of family-sponsored immigrant visas that are available, depending on the nature of the applicant. For applicants who are immediate relatives of a U.S. citizen, there is no limit. 8 U.S.C. §1151(b). But for applicants who are non-immediate relatives of a U.S. citizen or, like N.V.N., are immediate or non-immediate relatives of a lawful permanent resident, only 226,000 visas can be issued each year. *See* 8 U.S.C. §1153(a)(2).

To obtain a family-sponsored immigrant visa, an applicant must first file a Form I-130 petition with the USCIS. *See* 8 U.S.C. §§1361, 1154(a); *see also* 22 C.F.R. §40.6; *see also* 8 C.F.R. §204.2. The agency must approve the petition if the applicant's familial relationship is verified. *See* 8 U.S.C. §§1154(b), 1201, 1202; 8 C.F.R. §§204.1(a), 204.2(d)(2)–(3). Once approved, the agency forwards a copy of the petition to the National Visa Center for "pre-processing." *See* Bureau of Consular Affairs, Dep't of State, *Immigrant Visa Process*, https://travel.state.gov/content/travel/en/us-visas/immigrate/the-immigrant-visa-process/step-1-submit-a-petition.html (last visited Sep. 8, 2025). The applicant must then pay all necessary fees, provide an affidavit of support, and provide relevant financial documents to ensure the applicant can financially provide for the petitioner. *Id.* The applicant must also fill out an online application and provide the agency with relevant civil documents (such as birth certificates and passports). *Id.* Finally, the National Visa Center reviews all submissions to ensure it has all required documents to continue the visa process. *Id.*

After completing this paperwork, the applicant must attend an in-person interview before a visa is issued or refused. 8 U.S.C. §1202(h); 22 C.F.R. §42.62. If the applicant seeks a visa that is subject to a numerical cap and that cap has already been met, the applicant is placed on a wait list for an interview. 8 U.S.C. §1153(e)(1); 8 C.F.R. §§204.1(b), 245.1(g)(2); Bureau of Consular Affairs, Dep't of State, *Scheduling Status Tool*, https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/iv-wait-times.html (last visited Sep. 8, 2025). The applicant's placement in line for an interview is based on the date the applicant filed his or her Form I-130 petition, a date referred to as the applicant's "priority date." 8 C.F.R. §§204.1(b), 245.1(g)(2). It is Congress's "sense" that the entire process should be completed within 180 days of filing a Form I-130 petition. 8 U.S.C. §1571(b); *see also* Bureau of Consular Affairs, Dep't of State, *Administrative Processing Information*, https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/administrative-processing-information.html (last visited Sep. 8, 2025) (explaining that processing ends when the consular office issues or refuses a visa).

## I.      The Court Has Jurisdiction to Consider Plaintiffs' Claims.

Defendants maintain that the Court must dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendants contend that the Court lacks authority to order the USCIS to verify and approve Plaintiffs' Form I-130 petition as Plaintiffs request. (ECF No. 5 at 9–13.)

As Defendants note, federal courts are courts of limited jurisdiction. *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022). The Court's authority extends to civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. But where the Court lacks jurisdiction, it cannot act. *See Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021). A plaintiff invoking the Court's authority bears the burden of establishing the Court's subject matter jurisdiction. *See United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

Plaintiffs insist their claims fall within the Court's power and jurisdiction under both the APA and the Mandamus Act. (ECF No. 8 at 8–10.) The former permits an aggrieved individual to file suit in federal court for equitable relief, including an injunction, based on allegations of injury caused by the action or inaction of a federal agency. *See* 5 U.S.C. §702. This jurisdiction is not unlimited, however. The APA only permits judicial review where authorized by statute or where no other adequate remedy is available. 5 U.S.C. §704. And the Court may not review an

agency action that "is committed to agency discretion by law." 5 U.S.C. §701(a)(2). The Mandamus Act similarly gives the Court limited jurisdiction to compel a United States agency to perform non-discretionary duties owed to a plaintiff. 28 U.S.C. §1361; *Michael Reese Hosp. & Med. Ctr. v. Thompson*, 427 F.3d 436, 441 (7th Cir. 2005) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

Because Plaintiffs ask this Court to order the USCIS to verify and approve N.V.N.'s visa application immediately, the Court's subject matter jurisdiction under both the APA and the Mandamus Act depends on whether the pace of the agency's approval of a verified Form I-130 petition is discretionary. *See Bouarfa v. Mayorkas*, 604 U.S. 6, 8–9 (2024). Defendants insist that the timing of USCIS's verification and approval of a Form I-130 petition is a matter of agency discretion because there is no statute prescribing when the application must be verified and approved. (ECF No. 5 at 9–13.) Plaintiffs dispute this. They argue that Defendants have a mandatory duty to approve Form I-130 petitions once the petition is verified as eligible. (ECF No. 8 at 8–9.) They further argue that since Defendants have a nondiscretionary duty to approve verified petitions, the pace of approval is not completely discretionary. (*Id.* at 9–10.)

The Seventh Circuit has confirmed that when an agency has a mandatory duty to act, it must do so within a reasonable time. *See Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002) (holding there is a duty to process Diversity Visa Lottery Program applications in a reasonable period of time); *see also Calderon-Ramirez v. McCament*, 877 F.3d 272, 275–76 (7th Cir. 2017) (holding the same for U-visa applications); *see also Jama v. Wahid*, No. 24-cv-583, 2025 WL 346811, at *7 (E.D. Wis. Jan. 30, 2025) (explaining that the amount of time it takes to resolve an application that must be processed is not a matter of agency discretion). As Plaintiffs point out, Congress mandates that Form I-130 Petitions be approved once verified. *See* 8 U.S.C. §1154(b). Under Seventh Circuit law, therefore, the USCIS has a non-discretionary duty to verify and approve Plaintiffs' visa application within a reasonable time. Holding otherwise would "neuter any mandatory effect that these laws have in the first place." *Russell v. Blinken*, No. 23-cv-520-jdp, 2024 WL 1908814, at *3 (W.D. Wis. May 1, 2024). Accordingly, the Court agrees with Plaintiffs that the USCIS has a mandatory duty to verify and approve a Form I-130 petition within a reasonable time and the Court therefore has subject matter jurisdiction to review Plaintiffs' claims.

## II. The Complaint Fails to Allege a Claim Upon Which Relief May Be Granted.

Defendants also seek dismissal of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 5 at 13–19.) Defendants contend that because Plaintiffs have not alleged facts plausibly suggesting an unreasonable delay in the verification and approval of their visa application, they have not stated a claim.

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint "must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

As explained above, Defendants have a mandatory duty to verify and approve Plaintiffs' Form I-130 petition within a reasonable time, and failure to do so will permit the applicant to seek relief under both the Mandamus Act and the APA. To proceed under either statute, however, Plaintiffs must allege facts suggesting that the USCIS has "unreasonably delayed" in verifying and approving Plaintiffs' Form I-130 petition. *See* 5 U.S.C. §706(1) (authorizing courts to "compel agency action . . . unreasonably delayed"); *see also Calderon-Ramirez*, 877 F.3d at 275 (explaining that the Mandamus Act requires processing of visas "in a reasonable period of time"). Plaintiffs have not done so here. In fact, based on the factual assertions in their complaint and established Seventh Circuit law, Plaintiffs have not alleged that Defendants have unreasonably delayed in processing their application.

Plaintiffs argue that USCIS's delay has been unreasonable and ask the Court to order Defendants to immediately verify and approve N.V.N.'s visa application. (*See* ECF No. 1 at 17–18; ECF No. 8 at 10–19.) Plaintiffs insist that it is a quick and simple process to verify and approve a Form I-130 petition. (ECF No. 1 ¶¶47, 50.) They also point to Congress's "sense" that processing should be accomplished within 180 days of filing a Form I-130 petition. (ECF No. 8 at 13–15.) They note the stress caused by Defendants' ongoing delay. (ECF No. 1 ¶52.)

Defendants maintain, however, that the wait Plaintiffs are experiencing is not unreasonable. (ECF No. 5 at 13–19.) Defendants indicate that Plaintiffs have a priority date of June 28, 2023, and any applicant with a priority date past January 1, 2022 is, like Plaintiffs, on the agency's visa wait list. (*Id.* at 16; *see also* ECF No. 8-4 at 3.) Defendants further explain that the USCIS focuses on processing petitions where visas are available and in the order the petitions were received. (ECF No. 5 at 14–15.) They highlight that if the Court were to order them to verify and approve Plaintiffs' petition immediately, their verification and approval of other earlier-filed petitions would be delayed. (*Id.* at 16.) These assertions are reasonable and strongly weigh against Court intervention.

The Seventh Circuit considered and rejected claims extremely similar to Plaintiffs' theory in *Calderon-Ramirez v. McCament*, 877 F.3d 272 (7th Cir. 2017). In *Calderon-Ramirez*, a Guatemalan immigrant applied for a U-visa by submitting the required agency forms. *Id.* at 275. When eighteen months passed without any evaluation of his petition, he filed suit under the APA and Mandamus Act, seeking an order compelling the agency to adjudicate his application. *Id.* The district court granted the defendants' motion to dismiss, and the Seventh Circuit affirmed. *Id.* at 276. The Court of Appeals noted that there was an annual statutory cap for U-visas each fiscal year and, because the number of applicants exceeded the available visas, two wait lists existed: one to be placed on the waitlist and one to receive a visa. *Id.* at 274. The Seventh Circuit held the plaintiff's request for relief was improper because granting it would allow him to skip ahead of other petitioners waiting to be placed on the waitlist. *Id.* at 275. Given the significant waitlist (which appeared to be growing) and USCIS's efforts to alleviate the backlog, the Seventh Circuit concluded that the wait was not unreasonable and thus dismissal was proper. *Id.* at 275–76.

Plaintiffs' complaint fails for the same reasons articulated in *Calderon-Ramirez*. At the time of their complaint, Plaintiffs had been waiting seventeen months, a significant time period, but one month *less* than the plaintiff in *Calderon-Ramirez*. As in that case, Congress has capped

the number of family-immigrant sponsored visas available to applicants like Plaintiffs, and "demand regularly exceeds the supply." *See Scialabba v. Cuellar de Osorio*, 573 U.S. 41, 48 (2014). Accordingly, there are two waiting lists for family-immigrant sponsored visas: one to have a Form I-130 petition approved and verified and one for an interview to have a family-immigrant sponsored visa issued or refused. *See Calderon-Ramirez*, 877 F.3d at 274. The complaint establishes that Plaintiffs have a priority date of June 28, 2023. (ECF No. 1 ¶35.) And visas will only be given if the applicant has a priority date preceding January 1, 2022. (ECF No. 8-4 at 3.) Plaintiffs wish to move off the first waiting list and onto the second, but they do not allege that they have been treated differently from others similarly situated and awaiting verification and approval, so verification and approval of their petition would unfairly let them "skip ahead" to the second waiting list. *See Calderon-Ramirez*, 877 F.3d at 275. Further, at the end of 2023 (when Plaintiffs' Form I-130 petition was filed), there were nearly two million Form I-130 petitions pending.[2] That is over ten times the backlog that the *Calderon-Ramirez* plaintiff was subjected to. Given the significant number of Form I-130 petitions the USCIS is sorting through, Plaintiffs have not alleged facts plausibly suggesting that their wait is unreasonable.

Plaintiffs disagree that the visa-availability approach is reasonable. (ECF No. 8 at 10–19.) They concede that their priority date must be current to receive an interview for a visa. (*Id.* at 11.) But they maintain that there are substantial actions to complete before an interview will be scheduled in any event, and by delaying verification and approval based on visa-availability, they cannot begin those next steps. (*Id.* at 11–12.) Plaintiffs argue that Defendants must abide by the dates of filing when verifying and approving immigration petitions, regardless of visa availability, and that Defendants' approach does not allow them to abide by Congress's suggested 180-day turnaround. (*Id.* at 11, 14.) These arguments are foreclosed by *Calderon-Ramirez*. To survive a motion to dismiss, Plaintiffs must set forth facts differentiating themselves from other Form I-130 petitioners waiting ahead of them for verification and approval. *See Calderon-Ramirez*, 877 F.3d at 275–76. Plaintiffs have alleged no such facts.

Moreover, while Plaintiffs may believe that there is another, more reasonable way to handle Form I-130 petitions, it is not for them to dictate how Defendants conduct their verification and

---

[2] U.S. CITIZENSHIP & IMMIGRATION SERVS., *Number of Form I-130 Petition for Alien Relative By Category, Case Status, and USCIS Field Office or Service Center Location, Jul. 1, 2023–Sep. 30, 2023*, https://www.uscis.gov/sites/default/files/document/data/i130_performancedata_fy2023_q4.pdf (last visited Sep. 8, 2025).

approval of visa applications. Moreover, the applicable standard is not whether the agency is using the most efficient, or even most reasonable, process to verify and approve Form I-130 petitions. Plaintiffs are only entitled to relief if the wait experienced is unreasonable. *See* 5 U.S.C. §706(1); *see also Iddir*, 301 F.3d at 500; *Calderon-Ramirez*, 877 F.3d at 275. The approach to verifying and approving Form I-130 petitions that Plaintiffs advocate for is not prescribed by Congress and does not address whether their current wait is unreasonable.

Plaintiffs' emphasis on the 180-day turnaround referenced in the statute is also unavailing. The statute provides that it was the "sense of Congress" in 2000 that applications could be turned around in 180 days. *See* 8 U.S.C. §1571(b). Congress chose not to require adjudication within that time frame, however. And there is no doubt that the immigration landscape has changed in the past twenty-five years. Indeed, given the extensive waitlist for family-immigrant sponsored visas, the 180-day turnaround is impossible to abide by in this scenario. Accordingly, the 180-day timeframe described in Section 1571(b) is best considered a guideline. It does not override the circumstances surrounding current visa application processing as described in *Calderon-Ramirez*. And it does not make Plaintiffs' seventeen-month wait unreasonable.

The Court is not unsympathetic to the stress and frustration that comes with Plaintiffs' wait for the verification and approval of their visa application. But this case is governed by *Calderon-Ramirez*. Accordingly, this Court is bound to follow that precedent and dismiss Plaintiffs claims for failure to state a claim.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss, ECF No. 4, is **GRANTED**. Plaintiffs' complaint, ECF No. 1, is **DISMISSED**. The Clerk of Court is instructed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 9, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge